# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHNNY L. LUCAS, JR.,<br>　　　　　Appellant, | DOCKET NUMBER<br>CB-7121-21-0006-V-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE: October 7, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles M. Tillman, Irving, Texas, for the appellant.

Nadalynn F. Hamilton, Esquire, Plano, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a request for review of an arbitration decision that upheld his removal. For the reasons set forth below, we DISMISS the request for review for lack of jurisdiction and FORWARD the appellant's submission to the Dallas Regional Office for docketing as a removal appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was a preference eligible PS-07 Bulk Mail Clerk for the agency. Request for Review (RFR) File, Tab 1 at 1. On July 18, 2018, the agency issued a decision removing him for attendance reasons, effective August 6, 2018. RFR File, Tab 2 at 10-11. The appellant grieved his removal, the matter proceeded to arbitration, and on March 30, 2020, the arbitrator issued an award denying the grievance. *Id.* at 35-42. The appellant's union received a copy of the award on May 7, 2020. *Id.* at 35.

On November 3, 2020, the appellant, through his union representative, filed the instant request for arbitration review. RFR File, Tab 1. The Clerk of the Board issued an acknowledgment order, notifying the appellant of the applicable jurisdictional standard. RFR File, Tab 3 at 2-3. The Clerk of the Board also notified the appellant that his request for review appeared to be untimely and directed him to file evidence and argument on the issue. *Id.* at 3. The appellant responded on both the jurisdiction and timeliness issues. RFR File, Tab 5. The agency responded as well, arguing that the appellant's request for review was untimely and that he failed to show good cause for the delay. RFR File, Tab 6. The appellant has moved to strike the agency's response as untimely itself, RFR File, Tab 7, and the agency has moved to strike the appellant's motion as not contemplated by the Board's regulations, RFR File, Tab 8.

## ANALYSIS

As a general rule, an individual affected by a personnel action that is both appealable to the Board and covered by a negotiated grievance procedure may contest the action before the Board or via a grievance, but not both; an individual who elects to grieve may seek Board review of the final decision on the grievance if he claims that the action was based on prohibited discrimination. *See* 5 U.S.C. § 7121(d). However, 5 U.S.C. § 7121(d) does not apply to the U.S. Postal Service, and Postal Service employees have no right to Board review of an

arbitrator's award.  *See Clements v. U.S. Postal Service*, 101 M.S.P.R. 218, ¶ 3 (2006); *Marjie v. U.S. Postal Service*, 70 M.S.P.R. 95, 98 (1996); *Lucas v. U.S. Postal Service*, 39 M.S.P.R. 459, 461 (1989).  Therefore, regardless of the timeliness issue, the appellant's request for arbitration review must be dismissed for lack of jurisdiction.[2]  *See Ramos v. Department of the Army*, 48 M.S.P.R. 399, 403 (1991) (declining to reach the timeliness issue in light of dismissal on jurisdictional grounds), *aff'd*, 956 F.2d 1173 (Fed. Cir. 1992) (Table).

However, the appellant, as a preference-eligible veteran, has the right to appeal his removal directly to the Board, and he may do so despite having already filed a grievance on the matter.  *See Fedon v. U.S. Postal Service*, 78 M.S.P.R. 657, 660 (1998); *Marjie*, 70 M.S.P.R. at 98.  We therefore forward the appellant's submission to the Board's Dallas Regional Office for docketing as a removal appeal under 5 U.S.C. chapter 75.

We note that the appellant's November 3, 2020 request for arbitration review was filed more than 2 years after the effective date of his removal.  RFR File, Tab 1, Tab 2 at 10.  Therefore, even treating the filing date of the request for arbitration review as the filing date for the removal appeal, *see Hammond v. U.S. Postal Service*, 72 M.S.P.R. 263, 265 (1996), there is still a significant timeliness issue.  After docketing the appeal, the administrative judge should inform the appellant that his appeal appears to be untimely and provide him the opportunity to establish that the appeal was timely filed or that there was good cause for the delay.  *See* 5 C.F.R. §§ 1201.22(b), 1201.154.

---

[2] In light of the foregoing, we decline to rule on the parties' competing motions to strike.  Regardless of the information contained in the agency's reply to the acknowledgment order, we would conclude that the Board lacks jurisdiction over this request for arbitration review.

**NOTICE OF APPEAL RIGHTS**[3]

This is the Board's final decision on the appellant' request for review of the arbitration decision. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.